UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHIRLEY CAROLINE McINTOSH, Individually and as Guardian and Representative of M.M., D.M., T.M., and J.M., minors,<br><br>  Plaintiffs,<br><br>       v.<br><br>CUB CRAFTERS, INC.,<br><br>  Defendant. | CASE NO. CV-13-3004-EFS<br><br>**PROTECTIVE ORDER** |

On September 17, 2013, the parties filed a Stipulated Motion for Protective Order, ECF No. 17. Having reviewed the proposed protective order, the Court grants the stipulated motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Stipulated Motion for Protective Order, **ECF No. 17**, is **GRANTED**.

2. The Court enters a Protective Order as follows:

    1. All information, designated by the producing party as "Confidential" or "Proprietary", which is disclosed, furnished, or submitted, either voluntarily or pursuant to a court order, by or on behalf of THE PARTIES in this litigation, shall be used solely in

PROTECTIVE ORDER - 1

1      connection with pre-trial proceedings, preparation
2      for trial, trial, or other proceedings in this
3      litigation.  Proprietary documents do not include
4      documents: (1) submitted to the FAA that are
5      releasable to the public, (2) posted on the Cub
6      Crafters, Inc. website, (3) publicly available
7      manuals, POH's, parts lists, or maintenance
8      documents, (4) documents required to be kept by
9      statute or regulation for the public, or (5) FAA and
10     NTSB accident investigations.  Additionally, any
11     party who feels another party has inappropriately
12     designated documents may, after conferring with the
13     other party, make a motion challenging the
14     classification of documents as confidential,
15     proprietary, or otherwise privileged and apply to the
16     Court for appropriate relief from this Protective
17     Order.
18  2. Disclosure of information that is designated as
19     "Confidential" or "Proprietary" (including extracts
20     and summaries derived from them) shall be restricted
21     to:
22     a. the attorneys in the law firms appearing in this
23        action for THE PARTIES, and personnel who are
24        directly employed by those firms and are assisting
25        the attorneys working on the litigation;
26

PROTECTIVE ORDER - 2

      b. those officers, directors, employees, agents, and attorneys of THE PARTIES whose assistance is required in the preparation of this litigation for trial and who must have access to the information to render this assistance;

      c. experts or consultants retained in connection with the litigation;

      d. the Court and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation or trial of this litigation; and

      e. such other persons as all THE PARTIES shall mutually agree to in writing, or the Court shall determine.

3. Each person described in subparagraphs (b), (c), or (e) of the preceding paragraph to whom "Confidential" or "Proprietary" information is to be furnished, shown, or disclosed shall first be presented by the disclosing party or the disclosing party's counsel of record with a copy of the Stipulation and the Court's Protective Order. All such persons shall be bound by the terms of the Protective Order, and shall not permit disclosure of the documents or the information contained therein other than pursuant to the terms of the order.

4. THE PARTIES shall seek to have any other parties later appearing in this litigation agree to be bound by the terms of Stipulation and Protective Order. Those other parties shall become bound by the terms of this order by signing a Joinder Agreement substantially in the form of that attached to this order as Exhibit "A". Upon signing that Joinder Agreement, a party shall be bound by the terms of this order to the same extent as are THE PARTIES. No Confidential or Proprietary information produced by any of THE PARTIES in this litigation shall be produced to any other party subsequently appearing in this litigation unless that party agrees to be bound by the terms of the Stipulation and Protective Order.

5. Upon termination of this action (whether by judgment, settlement, or otherwise), each of THE PARTIES that has received any Confidential or Proprietary materials shall assemble and return to each of THE PARTIES that produced the Confidential or Proprietary materials, all such Confidential or Proprietary materials, including all copies thereof (but not including copies containing notes or other attorneys' work product that may have been placed thereon by counsel for any of THE PARTIES. All copies containing notes or other attorneys' work product shall be destroyed within thirty (30) days of the

    final resolution of this action, at which time each counsel of record shall confirm in writing to all other counsel of record that such destruction has occurred.

6. Nothing in this Order shall be deemed to restrict in any way any party or its attorneys with respect to that party's own Confidential or Proprietary information.

7. Upon settlement or final judgment, all copies of Confidential or Proprietary documents introduced into evidence in the subject action may be withdrawn from evidence and returned to the party that initially produced the documents.

8. THE PARTIES may apply to the Court for approval of this Stipulation and entry of its terms as a Protective Order of the Court and enforcement of the same. The parties may also subsequently apply to the Court for a modification of its order, and nothing in the order shall be deemed to prejudice their rights to seek modification.

9. THE PARTIES each agree that this Stipulation may be executed in one or more counterparts, each of which shall be considered an original, but all of which together shall constitute one and the same instrument. A facsimile or electronic copy of this

Stipulation or of any counterpart shall be deemed to constitute an original.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  19th  day of September 2013.

s/ Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

**EXHIBIT "A"**
**JOINDER AGREEMENT**

_____, by his/her/its counsel, hereby joins in and agrees to be bound by the terms of the Protective Order governing Confidential and Proprietary information that is, has been, or may be, disclosed in Case No. 2:13-cv-03004-EFS, pending in the UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON, styled SHIRLEY CAROLINE McINTOSH Individually and as Guardian and Representative of M.M., D.M., T.M., and J.M., minors, Plaintiffs, v. CUB CRAFTERS, INC., Defendant.

DATED:_____, 2013

_____
Attorney for _____